JOHN HENRY BARKER v. CLAYTON HARRINGTON HICKS

No. 7119SC518

(Filed 15 September 1971)

**Venue § 7— removal to the county of the parties' residence**

    Trial court properly granted defendant's motion to transfer a personal injury action to the county in which both plaintiff and defendant resided, where the motion was made within the period allowed for filing answer. G.S. 1-82; G.S. 1-83.

APPEAL by plaintiff from *Gambill, Judge,* 5 April 1971 Session of Superior Court held in RANDOLPH County.

Plaintiff instituted this action seeking to recover damages allegedly sustained by reason of the negligence of defendant. Suit was filed in Randolph County. Plaintiff and defendant are residents of Chatham County. Plaintiff appealed from an order removing the action to the Superior Court of Chatham County.

*Ottway Burton for plaintiff appellant.*

*Barber, Holmes and Barber by Wade Barber, Jr., for defendant appellee.*

VAUGHN, Judge.

Chatham County is the proper county for the trial of this action. G.S. 1-82. Plaintiff contends that the defendant waived his right to have trial conducted in the proper county. Defendant was served with summons and complaint on 29 April 1970. By letter dated 8 May 1970 H. F. Seawell, Jr., Esquire wrote the clerk of superior court of Randolph County and requested "an extension of time in which to file Answer" and tendered an order to this effect, omitting the proposed time of extension. On 12 May 1970 Judge Long signed an order providing that the time within which defendant might answer was thereby "extended for twenty days to and including the 18th day of May, 1970." The statutory time for filing answer did not expire until 29 May 1970. On 20 May 1970 defendant's present counsel filed a motion for removal of the action to Chatham County. This motion was filed well within the period allowed for filing answer. G.S. 1-83 provides that unless defendant demands transfer "before the time of answering expires" the action may be tried in the county where suit is filed. Rule 12(b) of the

North Carolina Rules of Civil Procedure provides that the defense of improper venue is one that may be raised by motion or in the responsive pleadings, at the option of the pleader. We hold that under the circumstances of this case the court could properly order the case transferred to Chatham County.

Affirmed.

Judges BROCK and GRAHAM concur.